IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BELICIA CRUZ, *individually and on behalf of all others mutually situated*, <br><br> Plaintiff, <br><br> v. <br><br> THE CONNOR GROUP, LLC, <br><br> Defendant. | Notice of Removal of Action Under 28 U.S.C. § 1441(a) – Diversity of Citizenship, Amount in Controversy Jurisdiction |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, The Connor Group, LLC ("The Connor Group"), hereby removes to the United States District Court for the Northern District of Illinois, the civil action pending against it in the Circuit Court of Kane County, Illinois, Sixteenth Judicial Circuit, and in support thereof, states as follows:

1. On February 28, 2022, Plaintiff Belicia Cruz ("Cruz" or "Plaintiff") filed her Complaint in the Circuit Court of Kane County, Illinois, Sixteenth Judicial Circuit, entitled *Belicia Cruz, individually and on behalf of all others mutually situated v. The Connor Group, A Real Estate Investment Firm, LLC*, 2022-CH-000020 ("State Court Action").

2. Cruz caused the Complaint and Summons to be served on The Connor Group on March 17, 2022.

3. Pursuant to 28 U.S.C. § 1446(a) attached hereto and marked as **Exhibit A** is a true and correct copy of all process, pleadings, and orders served upon The Connor Group in the State Court Action.

4. Removal is proper because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), which is the jurisdictional grant created by the Class Action

1

Fairness Act of 2005 ("CAFA"). CAFA grants district courts original jurisdiction over any civil action in which the "matter in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs" and is a "class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" (*i.e.,* minimal diversity). *See* 28 U.S.C. § 1332(d). These requirements are all met here.

5. The undersigned Defendant is the only named defendant in the Complaint.

6. This Notice of Removal is timely, as it has been filed within 30 days after The Connor Group was served with a copy of the Complaint.

## VENUE IS PROPER

7. Venue is proper in this Court because the action is being removed from the Circuit Court of Kane County, Illinois, Sixteenth Judicial Circuit, which lies within the Northern District of Illinois. *See* 28 U.S.C. §§ 1441(a) and 1446(a). Therefore, venue is proper in this Court because it is the "district embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## ALL REQUIREMENTS FOR CAFA DIVERSITY JURISDICTION ARE MET

8. CAFA authorizes removal, *inter alia*, of any civil action "in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs," and "is a class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A).

9. A "class action" under CAFA includes "any civil action" that is removed to a district court of the United States that was originally filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10. Here, the Complaint pleads that Cruz and each putative class member "placed [their] fingers on a handprint scanner" which The Connor Group "scanned and collected, and stored in an

2

electronic database, [keeping] digital copies of Plaintiff's handprint" for their timekeeping system. (Exhibit A, Compl. ¶¶ 28 – 38). Cruz's Complaint asserted two counts alleging that The Connor Group violated the Illinois' Biometric Privacy Information Act ("BIPA"), 740 ILCS 14/1, *et seq*. Cruz's complaint also alleged a potential punitive class action "individually and on behalf of all others mutually situated." Accordingly, this action is properly considered a "class action" under CAFA.

11. The Complaint alleges that Cruz is a resident and citizen of Illinois. (Exhibit A., Compl. ¶ 17).

12. The Connor Group is an Ohio limited liability company with its headquarters in Miamisburg, Ohio. It is therefore a citizen of Ohio under CAFA. 28 U.S.C. § 1332(d)(10). Accordingly, CAFA's requirement of minimal diversity is satisfied.

13. The amount in controversy aggregated across the claims of the purported class members also satisfies CAFA, as it "exceeds the sum or value of $5,000,000.00, exclusive of interest and costs." 28 U.S.C. §1332(d)(2), (d)(6). Since Cruz is seeking, among other things, (a) statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(s), or alternatively, (b) statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1), if the Court finds that The Connor Group's violations were reckless, it is plausible that Cruz seeks to recover that amount each time she or a putative class member used the timekeeping system. If the Court were to assume based on the allegations of the Complaint that each individual user of The Connor Group's alleged "handprint scanner" received one alleged scan of his or her handprint multiplied by statutory damages of $5,000.00 per alleged scan, then any class plausibly comprised of around 300 employees would satisfy CAFA's amount in controversy requirement.

ACTIVE 64172224v3

14. Cruz's request for attorneys' fees and injunctive relief should also be factored into the amount in controversy requirement for jurisdictional purposes. (Exhibit A, Compl., at 17-19, Prayer for Relief (E), at ¶¶ 44-62).) *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'").

15. To be clear, The Connor Group denies any violation of BIPA, denies that Cruz or the putative class members are entitled to a "per scan" measure of damages under BIPA, and denies the validity and merit of Cruz's claims in their entirety. But, for purposes of setting forth grounds for this Court's jurisdiction, the removing party "only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." For removal purposes, the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (emphasis in original).

16. Under CAFA, The Connor Group need only show that there is a "reasonable probability that the stakes exceed" $5,000,000.00. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). *See also Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

17. The Connor Group's filing of this Notice of Removal is not intended, or should be construed, as any type of express or implied admission by The Connor Group of any fact, of the validity or merits of any of Cruz's claims and allegations, or of any liability, all of which defendant hereby expressly denies, or as any type of express or implied waiver or limitation of any of Cruz's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

WHEREFORE, Defendant, The Connor Group, LLC, gives this Notice of Removal of the State Court Action pending in the Circuit Court of Kane County, Illinois, Sixteenth Judicial Circuit, to the United States District Court for the Northern District of Illinois.

Dated: April 15, 2022

The Connor Group, LLC

By: /s/ Cristina A. McNeiley
One of Its Attorneys

Cristina A. McNeiley, ARDC #6336372
Tiffany S. Fordyce, ARDC #6295008
Gregory E. Ostfeld, ARDC #6257163
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 3100
Chicago, Illinois 60601
T: (312) 456-5111
F: (312) 899-0329
mcneileyc@gtlaw.com
fordycet@gtlaw.com
ostfeldg@gtlaw.com

## **CERTIFICATE OF SERVICE**

      I, Cristina A. McNeiley, an attorney, certify that I caused to be served, by email and U.S. Mail, Defendant, The Connor Group, LLC's Notice of Removal upon counsel for the Plaintiff on this 15th day of April, 2022.

                                                          By: */s/ Cristina A. McNeiley*
                                                           Attorneys for The Connor Group, LLC