# EXHIBIT A

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Kane_____ COUNTY | **SUMMONS** | *For Court Use Only*<br>*Theresa Barreiro*<br>Clerk of the Circuit Court<br>Kane County, Illinois<br><br>3/7/2022<br><br>FILED/IMAGED |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Belicia Cruz<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | The Connor Group, A Real Estate Investments Firm, LLC<br>**Defendant / Respondent** *(First, middle, last name)* | 2022-CH-000020<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** | **Defendant/Respondent's address and service information:** |
|---|---|---|
| | a. | Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last)*: ___The Connor Group, A Real Estate Investments Firm LLC___<br>Registered Agent's name, if any: ___Cogency Global, Inc.___<br>Street Address, Unit #: ___600 SOUTH SECOND ST, SUITE 404___<br>City, State, ZIP: ___Springfield, IL 62704___<br>Telephone: _____ Email: _____ |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. | If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last)*: _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c. | Method of service on Defendant/Respondent:<br>☑ Sheriff    ☐ Sheriff outside Illinois: _____<br>_County & State_<br>☐ Special process server    ☐ Licensed private detective |

| SU-S 1503.2 | Page 1 of 4 | (06/21) |
|---|---|---|

Enter the Case Number given by the Circuit Clerk: <u>2022-CH-000020</u>

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2. Information about the lawsuit:**<br>Amount claimed: $ _____ |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3. Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last):* <u>Carl V. Malmstrom</u><br>Street Address, Unit #: <u>111 W. Jackson Blvd. Suite 1700</u><br>City, State, ZIP: <u>Chicago</u><br>Telephone: <u>3129840000</u> Email: <u>malmstrom@whafh.com</u> |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4. Instructions for person receiving this *Summons* (Defendant):**<br>☑ a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: <u>100 S 3rd St</u><br>City, State, ZIP: <u>Geneva, IL 60134</u> |
| In **4a,** fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b. Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>　　*Date*　　　　*Time*　　　　　　　　　　　*Courtroom*<br>**In-person at:** |
| In **4b,** fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | _____　_____　　　　_____　_____<br>*Courthouse Address*　*City*　　　　　*State*　*ZIP*<br>OR<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>　By telephone: _____<br>　　　　　*Call-in number for telephone remote appearance*<br>　By video conference: _____<br>　　　　　　*Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br><br>Call the Circuit Clerk at: _____ or visit their website<br>　　　　　　*Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>　　*Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | 　　　　　　　　3/7/2022<br>**Witness this Date:** _____　　*Seal of Court*<br><br>**Clerk of the Court:** _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Kane _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Belicia Cruz _____<br>**Plaintiff / Petitioner** (First, middle, last name) |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | **v.**<br><br>The Connor Group, A Real Estate Investments Firm, LLC _____<br>**Defendant / Respondent** (First, middle, last name) |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** (Check this box if this is not the 1st Summons issued for this Defendant.) |

2022-CH-000020 _____
**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
　　　　　　　　*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

　　　☐ Personally on the Defendant/Respondent:
　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____　Race: _____
　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　　Address, Unit#: _____
　　　City, State, ZIP: _____

　　　☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　　Address, Unit#: _____
　　　City, State, ZIP: _____
　　　And left it with: _____
　　　　　　　　　　　　　　*First, Middle, Last*
　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____　Race: _____
　　　and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

　　　☐ On the Corporation's agent, _____
　　　　　　　　　　　　　　　　　　*First, Middle, Last*
　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____　Race: _____
　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　　Address: _____
　　　City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2022-CH-000020

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____
    _____

---

| DO NOT complete this section. The sheriff or private process server will complete it. |
|---|

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the** *Proof of Service of Summons* **is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |
|---|

**By:** _____

*Signature by:*   ☐ Sheriff
              ☐ Sheriff outside Illinois:

              _____
              *County and State*
              ☐ Special process server
              ☐ Licensed private detective

_____
*Print Name*

**FEES**
Service and Return: $ _____
Miles _____ $ _____
Total $ _____

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

---

Kane County Circuit Court    THERESA E. BARREIRO    ACCEPTED: 3/4/2022 11:10 AM    By: MW    Env #16867099

## IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS
## SIXTEENTH JUDICIAL CIRCUIT

| | |
|---|---|
| BELICIA CRUZ, *individually and on behalf of all others similarly situated*, | **2022-CH-000020** |
| Plaintiff, | Case No. |
| v. | |
| THE CONNOR GROUP, A REAL ESTATE INVESTMENT FIRM, LLC, | <u>**JURY TRIAL DEMANDED**</u> |
| Defendant. | |

*Theresa Barreiro*
Clerk of the Circuit Court
Kane County, Illinois
2/28/2022 12:00 AM

FILED/IMAGED

### <u>CLASS ACTION COMPLAINT</u>

Plaintiff Belicia Cruz ("Plaintiff"), individually and on behalf of all other persons similarly situated, by her undersigned counsel, as and for her Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendant The Connor Group, A Real Estate Investment Firm, LLC ("Defendant," "The Connor Group," or "TCG"), alleges on personal knowledge, due investigation of her counsel, and, where indicated, on information and belief as follows:

### <u>NATURE OF THE ACTION</u>

1.      Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using her and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without obtaining informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

---

[1]      A "biometric identifier" is any personal feature that is unique to an individual, including handprints, iris scans, DNA and "face geometry", among others.

[2]      "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

Case Management Date Is On Page 15

2.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/15(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.      In recognition of these concerns over the security of individuals' biometrics the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it informs that person in writing that biometric identifiers or information will be collected or stored. *See* 740 ILCS 14/15(b).

4.      The BIPA further requires that entities collecting biometrics must inform those persons in writing of the specific purpose and length of term for which such biometric identifiers or biometric information are being collected, stored and used. *See id.*

5.      Moreover, entities collecting biometrics must publish publicly available written retention schedules and guidelines for permanently destroying biometrics collected. *See* 740 ILCS 14/15(a).

6.      Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *See* 740 ILCS 14/15(c).

7.      Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from an individual's biometrics. *See* 740 ILCS 15/15(c).

8.     In direct violation of each of the foregoing provisions of §§ 15(a) and 15(b) of BIPA, Defendant collected, stored and used–without first providing notice, obtaining informed written consent or publishing data retention policies–the handprints and associated personally identifying information of hundreds or thousands of its employees (and former employees), who are being required to "clock in" with their handprints.

9.     This practice of requiring employees to "clock in" using their handprints was in place at least since at least January of 2020.

10.    Plaintiff left Defendant's employ in approximately May of 2020 and was "clocking in" using her handprints during her tenure of employment with Defendant.

11.    If Defendant's database of digitized handprints were to fall into the wrong hands, by data breach or otherwise, the employees to whom these sensitive and immutable biometric identifiers belong could have their identities stolen, among other serious issues.

12.    BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their employment.

13.    Yet, Defendant never adequately informed Plaintiff or the Class of its biometrics collection practices, never obtained the requisite written consent from Plaintiff or the Class regarding its biometric practices, and never provided any data retention or destruction policies to Plaintiff or the Class.

14.    Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

- 3 -

## JURISDICTION AND VENUE

15.     This Court has personal jurisdiction over Defendant because the biometrics that give rise to this lawsuit were (1) collected by Defendant at its facilities in Illinois, (2) stored by Defendant at facilities in Illinois, and (3) used by Defendant at facilities in Illinois.

16.     Venue is proper in this County pursuant to because Defendant conducts its usual and customary business in this County. 735 ILCS 5/2-102(a).

## PARTIES

17.     Plaintiff is, and has been at all relevant times, a resident and citizen of Illinois.

18.     Defendant The Connor Group is a limited liability company with its headquarters in Miamisburg, Ohio. Defendant is a real estate investment firm that owns and operates luxury apartment communities across the United States, with several such facilities located in and throughout Illinois.

## FACTUAL BACKGROUND

I.     **Illinois' Biometric Information Privacy Act.**

19.     The use of a biometric scanning system in the workplace entails serious risks. Unlike key fobs or identification cards—which can be changed or replaced if stolen or compromised—facial geometry is a permanent, unique biometric identifier associated with the employee. This exposes employees to serious and irreversible privacy risks. For example, if a device or database containing employees' facial geometry data is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

20.     Recognizing the need to protect citizens from these risks, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") in 2008, to regulate companies that collect and store biometric information, such as facial geometry. *See* Illinois House

Transcript, 2008 Reg. Sess. No. 276.

21.     BIPA makes it unlawful for a company to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

> (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

22.     Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

23.     As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, handprints) and associated biometric information without informed written consent violated all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violated § 15(a) of BIPA.

**II.    Defendant Violates Illinois' Biometric Information Privacy Act.**

24.    Unbeknown to the average person, and in direct violation of § 15(b)(1) of BIPA, Defendant scanned and collected, and then indefinitely stored in an electronic database, digital copies of each employee's handprints during the employee onboarding process from at least approximately January 2020 to at least approximately May 2020, and on each occasion an employee clocks in or out of one of Defendant's Illinois-based apartment buildings – all without ever informing anyone of this practice in writing.

25.    In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, from at least approximately January 2020 to at least approximately May 2020, Defendant never informed Illinois employees who had their handprints collected of the specific purpose and length of time for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from these individuals.

26.    In direct violation of § 15(a) of BIPA, from at least approximately January 2020 to May 2020, Defendant did not have written, publicly available policies identifying its retention schedules or guidelines for permanently destroying any of these biometric identifiers and/or biometric information.

**III.    Experience of Plaintiff Belicia Cruz.**

27.    Plaintiff began working for Defendant at one of its luxury apartment buildings in Illinois in or around January 2020.

28.    During the course of Plaintiff's employment, and at least since May 2020, Defendant required Plaintiff to place her fingers on a handprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's handprint.

29.     Plaintiff worked for Defendant until approximately May of 2020. During her employment tenure, Plaintiff was required to place her fingers on a handprint scanner, which scanned, collected and stored her handprints each time she "clocked" in and out as part of the timekeeping system.

30.     Then, upon information and belief, Defendant's handprint matching technology compared Plaintiff's scanned handprint against the handprint previously stored in Defendant's handprint database.

31.     On each occasion of "clocking in," Plaintiff was granted access to Defendant's facility in order to begin work.

32.     Plaintiff never consented, agreed or gave permission–written or otherwise–to Defendant for the collection or storage of her unique biometric identifiers and/or biometric information.

33.     Further, Defendant never provided Plaintiff with nor did she ever sign a written release allowing Defendant to collect or store her unique biometric identifiers and/or biometric information.

34.     Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of her unique biometric identifiers and/or biometric information.

35.     By collecting Plaintiff's unique biometric identifiers and/or biometric information without her consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in her biometrics.

36.     Finally, Defendant never provided Plaintiff with a retention schedule and/or guideline for permanently destroying her biometric identifiers and biometric information.

- 7 -

37.     Thus, Plaintiff has no reason to believe Defendant actually destroyed her biometric information, despite that the sole reason Plaintiff provided her biometric information (*i.e.* clocking in and out of work) is now moot.

38.     Further, to the extent Defendant uses an outside vendor to process its payroll, there is a significant risk Plaintiff's biometric identifiers have already been disseminated without her knowledge or consent.

## CLASS ALLEGATIONS

39.     **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who had their handprints collected, captured, received or otherwise obtained and/or stored by Defendant in the state of Illinois.

40.     **Numerosity:** Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the Class is substantial, believed to amount to hundreds or thousands of persons.  It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.  Moreover, the Class is ascertainable and identifiable from Defendant's records.

41.     **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

- 8 -

(a) whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers and/or biometric information;

(b) whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

(c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;

(d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e) whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;

(f) whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

(g) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

42. **Adequate Representation:** Pursuant to 735 ILCS 5/2-801 (3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class,

additional claims as may be appropriate, or to amend the Class definition to address any steps that Defendant took.

43.     **Superiority:** Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

## COUNT I – FOR DAMAGES AGAINST DEFENDANTS
### VIOLATION OF 740 ILCS 14/15(A) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE

44.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

46.     Defendant failed to comply with these BIPA mandates.

47.     Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

48.     Plaintiff is an individual who had her "biometric identifiers" captured and/or collected by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

49.     Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

50.     Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

51.     Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data. As such, the only reasonable conclusion is that Defendant has not, and will not, destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied.

52.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Belicia Cruz, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

A.  Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

B.  Declaring that Defendants' actions, as set out above, violate BIPA, 740 ILCS 14/15(a), *et seq.*;

C.  Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendants' violations were negligent;

D.  Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendants to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E.  Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F.  Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.  Awarding such other and further relief as equity and justice may require.

### COUNT II – FOR DAMAGES AGAINST DEFENDANTS
### VIOLATION OF 740 ILCS 14/15(B) –
### FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE
### OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION

53.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

54.  BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in

writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

55. Defendant failed to comply with these BIPA mandates.

56. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

57. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

58. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

59. Defendant systematically and automatically collected, captured, used, and stored Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

60. Defendant never informed Plaintiff, and never informed any member of the Class at least prior to May of 2020, in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

61. By collecting, capturing, storing, and/or using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the

Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

62.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Belicia Cruz, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq*.;

C. Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

- 14 -

G. Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 27, 2022                Respectfully submitted,

/s/ Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLC**
ARDC No. 6295219
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
E-mail: malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Philip L. Fraietta*
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-mail: jmarchese@bursor.com
        pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Julia K. Venditti*
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jvenditti@bursor.com

*\*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Class*

NOTICE
BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR
CASE MANAGEMENT CONFERENCE ON THE DATE BELOW.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING
DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

Judge: Busch, Kevin T
6/21/2022 9:00 AM

Kane County Circuit Court    THERESA E. BARREIRO    ACCEPTED: 3/7/2022 10:14 AM    By: BO    Env #16953572

## IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS
## SIXTEENTH JUDICIAL CIRCUIT

BELICIA CRUZ, *individually and on behalf*
*of all others similarly situated*,

                Plaintiff,

    v.

THE CONNOR GROUP, A REAL ESTATE
INVESTMENT FIRM, LLC,

                Defendant.

Case No. 2022-CH-000020

Clerk of the Circuit Court
Kane County, Illinois

**3/4/2022 12:39 PM**

FILED/IMAGED

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Belicia Cruz ("Plaintiff"), by and through her undersigned counsel and pursuant to 735 ILCS 5/2-801, hereby moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of this Motion, Plaintiff submits the following Memorandum of Law.

Dated: March 4, 2022   Respectfully submitted,

/s/ Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLC**
ARDC No. 6295219
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
E-mail: malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Philip L. Fraietta*
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-mail: jmarchese@bursor.com
   pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Julia K. Venditti*
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jvenditti@bursor.com

*\*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Class*

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by Defendant The Connor Group, A Real Estate Investment Firm, LLC ("Defendant," "The Connor Group," or "TCG"). Defendant is a limited liability company with its principal place of business in Miamisburg, Ohio. Defendant is a real estate investment firm that owns and operates luxury apartment communities across the United States, including several such facilities located in Illinois. Defendant operates these facilities nationwide and throughout Illinois. Defendant captured, collected, stored, and used its employees' biometric information and identifiers to track their time at work. And in so doing, the Defendant has violated Illinois Law by obtaining, storing, and using this data without the employees' informed and written consent, and by failing to provide the employees with the requisite data retention and destruction policies explaining how and when such biometric information will be used, stored, and destroyed. Defendant's conduct was in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA").

After Plaintiff learned of Defendant's wrongful conduct, they commenced suit on behalf of a class of similarly situated individuals in order to bring an end to the Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of BIPA and to obtain redress for all persons injured by its conduct.

## I.     THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT

BIPA is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints, handprints and vocal identifiers; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. Compl., ¶ 1 n.1; *id.* at n.2.

Recognizing the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or his biometric identifiers and/or information; and (4) publicly publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15. Compl., ¶ 3.

## II.  FACTUAL BACKGROUND

### A.  The Underlying Misconduct.

Defendant has taken the biometrics of hundreds of individuals within the state of Illinois. Compl., ¶¶ 24, 40. During the relevant time period in the State of Illinois, Defendant implemented biometric fingerprint scanning and recognition technology to collect biometric information from its employees, including Plaintiff, to track their exact "clock-in" and "clock-out" times. *Id.* at ¶ 24. Each fingerprint extracted by the Defendant is biologically unique to the particular individual. *Id.* at ¶ 2. Defendant used its biometrics technology to capture, collect, and store Plaintiff's and other Class member's biometrics. *Id.* at ¶ 59. However, Defendant failed to obtain informed written consent from its employees, including Plaintiff, before capturing and collecting their biometric information. *Id.* Defendant failed to provide its employees, including Plaintiff, with a retention schedule and deletion policies detailing how and when Defendant would retain and destroy the individuals' biometric information and/or biometric identifiers. *Id.* at ¶¶ 50-51.

Defendant does not have a policy of informing individuals, including Plaintiff, of what

- 2 -

happens to their biometric information after it is collected and obtained, whether they still retain their biometrics, and if they do, for how long they intend to retain such information without their consent, whether the information is transmitted to a third party and, if so, which third party. *Id.* at ¶ at 50. Despite its practice of taking the biometric information of every employee who uses its biometric technology, Defendant failed to comply with BIPA's statutory requirements regarding the collection of biometric identifiers and biometric information. *Id.* at ¶¶ 32-36.

### B. The Proposed Class

Plaintiff brings this action on behalf of themself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant in the state of Illinois.

Compl., ¶ 39. As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure: numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not only appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

### III. ARGUMENT

### A. Legal Standard for Class Certification

To obtain class certification, a plaintiff does not need to establish that they will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). In determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App.

- 3 -

3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)    The class is so numerous that joinder of all members is impracticable.
> (2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)    The representative parties will fairly and adequately protect the interest of the class.
> (4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the maintenance of a class action, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting

- 4 -

*Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B.   The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least several hundred to thousands of members of the Class. Compl., ¶ 40. Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records.

Furthermore, it would be completely impracticable to join the claims of the members of

the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C. Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell,* 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers or biometric information; whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information; whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers or biometric information; whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first; whether Defendant used Plaintiff's and the Class'

- 6 -

biometric identifiers or biometric information to identify them; and whether Defendant's violations of the BIPA were committed intentionally, recklessly, or negligently. Compl., ¶ 41.

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

**D.     The Adequate Representation Requirement is Satisfied.**

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interests as the members of the proposed Class. Like the other members of the Class, Plaintiff was subjected to Defendant's biometric timekeeping technology and Defendant captured, collected, and stored their biometrics. Compl., ¶ 1. Plaintiff has also alleged that Defendant did so without complying with BIPA's requirements. *Id.* Plaintiff's pursuit of this matter against Defendant demonstrates that they will be a zealous

advocate for the Class.

Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and their counsel are committed to vigorously prosecuting this class action. Compl., ¶ 42. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor their counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has asserted viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. *Id.* Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

## E. Class Certification Will Ensure Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in

- 8 -

many cases is that the class action is the only practical means for class members to receive redress."

*Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class

actions are often the last barricade of…protection."). A class action is superior to multiple

individual actions "where the costs of litigation are high, the likely recovery is limited" and

individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a

class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data

privacy violations and data breaches, which can involve significant injury to the those effected,

but result in many small, individual claims. Here, absent a class action, most members of the Class

would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple

individual actions would be judicially inefficient. *Id.*

A class action is superior to other methods for the fair and efficient adjudication of this

controversy because individual litigation of the claims of all Class members is inefficient and

impracticable. Compl., ¶ 43. Even if every member of the Class could afford to pursue individual

litigation, the Court system could not. *Id.* It would be unduly burdensome to the courts in which

individual litigation of numerous cases would proceed. Individualized litigation would also

present the potential for varying, inconsistent or contradictory judgments, and would magnify the

delay and expense to all parties and to the court system resulting from multiple trials of the same

factual issues. *Id.* By contrast, the maintenance of this action as a class action, with respect to

some or all of the issues presented herein, presents few management difficulties, conserves the

resources of the parties and of the court system and protects the rights of each member of the Class.

*Id.* Plaintiff anticipates no difficulty in the management of this action as a class action. Class-

wide relief is essential to compliance with BIPA. *Id.* Thus, proceeding as a class action here is an

appropriate method to fairly and efficiently adjudicate the controversy.

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.    **CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 have been satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing Wolf Haldenstein Adler Freeman & Herz LLC and Bursor & Fisher, P.A. as Class Counsel, and awarding such additional relief as the Court deems reasonable. In the alternative, Plaintiff respectfully requests that this Court defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: March 4, 2022                    Respectfully submitted,

/s/ Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC**
ARDC No. 6295219
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
E-mail: malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

- 10 -

**BURSOR & FISHER, P.A.**
Joseph I. Marchese\*
Philip L. Fraietta\*
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-mail: jmarchese@bursor.com
　　　　pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Julia K. Venditti\*
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jvenditti@bursor.com

*\*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Class*