IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BELICIA CRUZ, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br>v.<br><br>THE CONNOR GROUP, A REAL ESTATE INVESTMENT FIRM, LLC,<br><br>Defendant. | Case No. 1:22-cv-01966<br><br>Hon. Sharon Johnson Coleman<br><br>Hon. Magistrate Gabriel A. Fuentes |

**DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF <u>CLASS ACTION SETTLEMENT</u>**

I, Philip L. Fraietta, declare as follows:

1. I am a Partner at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I make this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, filed herewith. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2. I am a member in good standing of the bar of this Court and a member of the bar in good standing of the New York, New Jersey, and Michigan Bars; the United States District Courts for the Southern District of New York, Eastern District of New York, Northern District of New York, Western District of New York, Central District of Illinois, District of New Jersey, Eastern District of Michigan, and Western District of Michigan; and the United States Court of Appeals for the Second, Third, Sixth, and Ninth Circuits.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the Parties' Class Action Settlement Agreement, and the exhibit attached thereto.

4. On February 28, 2022, Plaintiff filed a Class Action Complaint in the Circuit Court of Kane County, Illinois against The Connor Group, A Real Estate Investment Firm, LLC ("Defendant"). The material allegations of the Complaint were that TCG collected or captured fingerprints or hand scans of its current and former Illinois employees and temporary workers without first providing notice, obtaining informed written consent or making a biometric data retention and destruction policy publicly available. The Complaint alleges these individuals were required to "clock in" with their alleged fingerprints and/or hand scans, in violation of the Illinois Biometric Privacy Act ("BIPA" or "Privacy Act"), 740 ILCS 14/1 *et seq*.

5. On April 15, 2022, TCG removed the Action to the United States District Court for the Northern District of Illinois (the "District Court"), where it was assigned Case No. 1:22-cv-01966. *See* ECF No. 1.

6. From the outset of the case, the Parties discussed the prospect of an early resolution of this matter and, as part of their obligations under Fed. R. Civ. P. 26, engaged in direct settlement discussions, which included the informal exchange of relevant information surrounding the alleged claims. Those discussions eventually led to a period of active, private settlement negotiations between the Parties beginning in April 2022 that continued over the next several months.

7. Given that the information exchanged during the parties' private settlement negotiations would have been, in large part, the same information produced in formal discovery related to issues of class certification and summary judgment, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses.

8. On April 21, 2022, TCG filed, with Plaintiff's agreement, an Unopposed Motion for an Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint, requesting

2

that the Court extend its deadline to file a responsive pleading by 28 days, until May 19, 2022. *See* ECF No. 8. The Court granted TCG's Unopposed Motion the same day. *See* ECF No. 10.

9. On May 17, 2022, TCG filed a Second Unopposed Motion for an Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint, requesting, with Plaintiff's agreement and for the purpose of facilitating settlement discussions, that the Court extend its deadline to file a responsive pleading by an additional 45 days, until July 3, 2022. *See* ECF No. 11. The Court granted TCG's Unopposed Motion the same day. *See* ECF No. 12.

10. The Parties continued to engage in settlement discussions over the next three weeks. Those efforts ultimately led to a settlement on the terms set forth in this Agreement. Finally, toward the end of June 2022, the Parties reached an agreement on all material terms of a class action settlement of this case.

11. Thereafter, the Parties drafted and executed the Settlement Agreement and related documents.

12. The resulting Proposed Settlement of $237,600 secures extraordinary relief for the class. Based on Defendant's records the proposed Settlement Class includes 264 individuals who registered for or used a fingertip or hand scan timekeeping system in connection with their employment with or assignment to Defendant from February 28, 2017, to and through April 8, 2022, and who have not signed a general release of claims as to Defendant.

13. Pursuant to the terms of the Proposed Settlement, every Settlement Class Member will <u>automatically</u> receive a *pro rata* cash payment from the net Settlement Fund by check – which Proposed Class Counsel estimates will be approximately $563 per Settlement Class Member – unless he or she excludes him or herself from the Settlement. *See* Settlement Agreement ¶ 2.1(b)-(d).

3

14. Moreover, as part of the Proposed Settlement, Defendant has acknowledged that it will provide all notices and consent as required by BIPA if the biometric time function is ever reinstated. *See* Settlement Agreement ¶ 2.2.

15. A true and correct copy of the firm resume of Bursor & Fisher, P.A. is attached hereto as **Exhibit 2**. Bursor & Fisher, P.A. is well suited to continue to represent Plaintiff and Settlement Class in this matter.

16. My firm, Bursor & Fisher, P.A., has extensive experience litigating class actions of similar size, scope, and complexity to the instant action. We were appointed Class Counsel in similar employee fingerprint BIPA actions such as *Jenkins, et al. v. Charles Industries, LLC*, Case No. 2021L001047 (Cir. Ct. DuPage Cnty.); *Suren, et al. v. DSV Solutions, LLC*, Case No. 2021CH000037 (Cir. Ct. DuPage Cnty.); *Isaacson v. Liqui-Box Flexibles, LLC, et al.*, Case No. 2021CH000099 (Cir. Ct. Will Cnty.); *Landreth v. Verano Holdings LLC, et al.*, Case No. 2020CH06633 (Cir. Ct. Cook Cnty.); *Sahlin v. Hospital Housekeeping Systems, LLC*, Case No. 2021L28 (Cir. Ct. Williamson Cnty.). We are also lead counsel in over 20 BIPA putative class actions currently pending in Illinois. We have also been appointed Class Counsel in a number of state-law based privacy class actions in the past few years. *See, e.g.*, *Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-03934 (S.D.N.Y.) ($50 million class wide settlement); *Ruppel v. Consumers Union of United States Inc.*, Case No. 16-cv-02444 (S.D.N.Y.) ($16.375 million class wide settlement); *Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, Case No. 15-cv-05671 (S.D.N.Y.) ($13.75 million class wide settlement); *Taylor v. Trusted Media Brands, Inc.*, Case No. 16-cv-01812 (S.D.N.Y.) ($8.225 million class wide settlement); *Moeller v. American Media, Inc.*, Case No. 16-cv-11367 (E.D. Mich.) ($7.6 million class wide settlement); *Kokoszki v. Playboy Enterprises, Inc.*, Case No. 19-cv-10302 (E.D. Mich.) ($3.85

4

million class wide settlement). Notably, in *Hearst*, we secured a victory on summary judgment for the named plaintiff. *See Boelter v. Hearst Commc'ns, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. 2017).

17. In addition, my firm has also been recognized by courts across the country for its expertise. *See* Ex. B; *see also, e.g.*, *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. 2014) (Rakoff, J.) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five[1] class action jury trials since 2008."); *Williams v. Facebook, Inc.*, Case No. 3:18-cv-01881, ECF No. 51 (N.D. Cal June 26, 2018) (appointing Bursor & Fisher class counsel to represent a putative nationwide class of all persons who installed Facebook Messenger applications and granted Facebook permission to access their contact list).

18. Moreover, my firm has served as trial counsel for class action plaintiffs in six jury trials and has won all six, with recoveries ranging from $21 million to $299 million. Most recently, in May 2019, we secured a jury verdict for over $267 million in a TCPA case in the Northern District of California. *See Perez v. Rash Curtis & Associates*, 2020 WL 1904533 (N.D. Cal. Apr. 17, 2020).

19. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's-length and with the assistance of a neutral mediator.

---

[1] Bursor & Fisher has since won a sixth jury verdict in *Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal.), for $267 million.

20. Plaintiff and proposed Class Counsel recognize that despite our belief in the strength of Plaintiff's claims, and Plaintiff's and the Class's ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.

21. Plaintiff and proposed Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive Plaintiff and the Settlement Class Members of any potential relief whatsoever. Defendant is represented by highly experienced attorneys who have made clear that absent a settlement, they were prepared to continue their vigorous defense of this case, including by moving for summary judgment after discovery. Plaintiff and Class Counsel are also aware that Defendant would continue to challenge liability, as well as assert a number of defenses, including but not limited to whether Defendant actually possessed biometric information or biometric identifiers and whether claims are barred by the applicable statute of limitations. The viability of the latter defense is currently the subject of at least three pending appellate cases. *See Tims v. Black Horse Carriers, Inc.*, Case No. 127801 (IL Sup. Ct.) (statute of limitations); *Marion v. Ring Container Technologies, LLC*, Case No. 3-20-0184 (IL App. Ct. 3d Dist.) (statute of limitations); *Cothron v. White Castle System, Inc.*, -- F.4th --, 2021 WL 5998537, at *7-8 (7th Cir. Dec. 20, 2021) (certifying accrual of statute of limitations question to Illinois Supreme Court). If successful, the statute of limitations defense would result in a substantial portion of the proposed Settlement Class receiving no payment or relief whatsoever.

22. Looking beyond trial, Plaintiff is also keenly aware that Defendant could appeal the merits of any adverse decision, and that, in light of the statutory damages in play, it would argue – in both the trial and appellate courts – for a reduction of damages based on due process

concerns.

23. Plaintiff and proposed Class Counsel believe that the relief provided by the settlement weighs heavily in favor of a finding that the Settlement is fair, reasonable, and adequate, and well within the range of approval.

24. There are no agreements made in connection with the settlement proposal other than the Settlement Agreement.

25. Plaintiff was extensively involved in the case, including by helping her attorneys investigate her claims, preparing and reviewing the Class Action Complaint, and conferring with her counsel throughout the litigation, including the settlement process.

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed this 21st day of October, 2022, at New York, New York.

                                                 */s Philip L. Fraietta*
                                                 Philip L. Fraietta