# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BELICIA CRUZ, *individually and on behalf of all others similarly situated*,<br><br>      Plaintiff,<br>  v.<br><br>THE CONNOR GROUP, A REAL ESTATE INVESTMENT FIRM, LLC,<br><br>      Defendant. | Case No. 1:22-cv-01966<br><br>Hon. Sharon Johnson Coleman<br><br>Hon. Magistrate Gabriel A. Fuentes |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE

On October 26, 2022, the Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the Class Action Settlement Agreement ("Settlement Agreement") between Plaintiff Belicia Cruz, individually and on behalf of the Settlement Class (as defined below) and Defendant The Connor Group, A Real Estate Investment Firm, LLC ("TCG" or "Defendant").[1]

Commencing on November 23, 2022, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Analytics Consulting, LLC (the "Settlement Administrator"), provided Notice to the Settlement Class in compliance with Paragraph 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

  (a)  fully and accurately informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

  (b)  advised Settlement Class Members of their right to request exclusion from the

---

[1] Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

Settlement Agreement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement;

(c) provided procedures for Settlement Class Members to file written objections to the proposed Settlement Agreement, and to appear at the Final Approval Hearing, and to state objections to the proposed Settlement Agreement; and

(d) provided the time, date, and place of the Final Approval Hearing.

On January 24, 2023, the Court held a Final Approval Hearing to determine whether the proposed Settlement Agreement is fair, reasonable and adequate and whether judgment should be entered dismissing the Action with prejudice. The Court reviewed (a) the Motion for Final Approval (the "Motion") and all supporting materials, including but not limited to the Settlement Agreement; (b) any objections filed with or presented to the Court; and (c) the Parties' responses to any objections. The Court also considered the oral argument of counsel and any objectors who appeared. Based on this review and the findings below, the Court finds good cause to grant the Motion.

**IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over the subject matter of this Action, all claims raised therein, and all Parties thereto, including the Settlement Class Members.

2. The Settlement Agreement is fair, reasonable, adequate and in the best interest of Settlement Class Members and satisfies the requirements of Federal Rules of Civil Procedure 23. The Settlement Agreement was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the active involvement of the Parties. Moreover, the

Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from the Action. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the Settlement Agreement is fair, reasonable, adequate, and in the best interest of Settlement Class Members.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members automatically, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

## **OBJECTIONS AND REQUESTS FOR EXCLUSION**

5. No objections to the Settlement were submitted by Settlement Class Members. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6. Similarly, no Settlement Class Members requested to be excluded from the Settlement Agreement.

## CERTIFICATION OF THE SETTLEMENT CLASS

7. Solely for purposes of the Settlement Agreement and this Final Approval Order and the Final Judgment, the Court hereby certifies the following Settlement Class:

> [A]ll individuals who worked or are currently working for Defendant in the State of Illinois, including current or former temporary workers or contractors engaged by Defendant, who had their Biometric Identifiers and/or Biometric Information allegedly collected, captured, received, or otherwise obtained or disclosed by Defendant or its agents, without first signing a written consent form, for the period extending from February 28, 2017, to and through April 8, 2022.

8. The Court incorporates its preliminary conclusions in the Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

9. The Court grants final approval to the appointment of Plaintiff Belicia Cruz as the Class Representative, and concludes that she has fairly and adequately represented the Settlement Class and shall continue to do so.

10. The Court grants final approval to the appointment of the law firm of Bursor & Fisher, P.A. as Class Counsel. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

## NOTICE TO THE CLASS

11. The Court finds that the Notice, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purpose only, the existence and terms of the Settlement

Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement Agreement, and to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

**INJUNCTIVE RELIEF**

12. For the purposes of injunctive relief, the Court incorporates and adopts the meanings set forth in the Settlement Agreement. The terms of this section reflect Paragraph 2.2(a) of the Settlement Agreement and shall not be construed to impose any obligations or requirements in addition to those set forth in the Settlement Agreement. Specifically, Defendant acknowledges that it is no longer using the biometric function of the timeclocks at issue in this Action. In the event that Defendant reinstates the use of the biometric function of the timeclocks at issue in Illinois, it will provide all notices and consent as required by BIPA.

**ATTORNEYS' FEES AND COSTS, SERVICE AWARD**

13. The Court awards Class Counsel $83,160.00 in attorneys' fees, which is inclusive of reimbursement of costs and expenses. The Court finds these amounts to be fair and reasonable. Payment should be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

14. The Court awards $5,000 to Ms. Cruz as a service award for her service as a class representative. The Court finds this amount justified by her service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

**RELEASE**

15. Each Settlement Class Member, including Plaintiff, is deemed to have released,

acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims. The full terms of the release described in this paragraph are set forth in Paragraphs 3.1-3.2 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Releases").

16. The Settlement Agreement and this Final Approval Order and Judgment apply to all claims or causes of action settled under the Settlement Agreement, and binds Plaintiff and all Settlement Class Members who did not properly request exclusion. The Settlement Agreement, this Final Approval Order, and the Final Judgment shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Action.

## **OTHER PROVISIONS**

17. The Settlement Fund, consisting of Two Hundred Thirty Seven Thousand Six-Hundred Dollars and No Cents ($237,600.00), shall be used to pay all settlement costs, including Class Counsel's Fee Award, settlement administration expenses, payments to the Settlement Class, the Class Representative Service Award, and any other payments or other monetary obligations as contemplated by the Settlement Agreement.

18. If any money remains in the Net Settlement after all settlement costs are paid and ninety (90) days from the date settlement checks are issued by the Settlement Administrator, the Parties shall distribute such funds to the Chicago Legal Clinic as a *cy pres* recipient pursuant to Paragraph 2.1(f) of the Settlement Agreement.

19. The Settlement Agreement and this Final Approval Order, the Final Judgment, and all documents, supporting materials, representations, statements and proceedings relating to

the Settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purpose of the Settlement Class or any claims that were or could have been asserted in the Action.

20. The Settlement Agreement and this Final Approval Order, the Final Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement, this Final Approval Order, and the Final Judgment may be filed in any action by Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Final Judgment.

21. Consistent with Paragraph 10.5 of the Settlement Agreement, if the Settlement Agreement is terminated or fails to become effective, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Settlement Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of the Agreement, including, but not limited to, class certification, shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Settlement Agreement had never been entered into.

22. Without affecting the finality of this Final Approval Order, the Court will retain jurisdiction over this Action and the Parties with respect to the interpretation, implementation, and enforcement of the Settlement Agreement for all purposes.

23. Through the forthcoming Final Judgment, the Court shall dismiss the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for therein.

IT IS SO ORDERED, this  24th   day of  January        , 2023.

_____
Honorable Sharon Johnson Coleman
United States District Judge